■ EPSTEIN ENGINEERING P.C., Respondent, v THOMAS CATALDO et al., Appellants, et al., Defendant. [943 NYS2d 887]—

Orders, Supreme Court, New York County (Judith J. Gische, J.), entered February 28, June 1, and June 14, 2011, which, to the extent appealed from as limited by the briefs, decided defendants Thomas Cataldo and Cataldo Engineering, P.C.'s motion for a protective order upon a determination that plaintiff is entitled to damages incurred after the date of Thomas Cataldo's resignation from it arising from defendants' work for clients obtained before Cataldo's resignation, unanimously modified, on the law, to limit plaintiff's entitlement to lost profits after Cataldo's resignation to those arising from defendants' work for clients obtained before his resignation who had been clients of plaintiff, and otherwise affirmed, without costs.

The evidence of record establishes that plaintiff is entitled to recover the compensation Cataldo received from plaintiff during the period of Cataldo's disloyalty, i.e., from April 2007, when he

formed Cataldo Engineering, to September 2, 2008, when he resigned from plaintiff (*see Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 88, 91 [1984], *appeal dismissed* 63 NY2d 675 [1984]). Additionally, plaintiff "is entitled to damages for the wrongful diversion of its business measured by the 'opportunities for profit on the accounts diverted from it through defendants' conduct' " (*Maritime Fish Prods.*, 100 AD2d at 91). Finally, if defendants poached plaintiff's clients, plaintiff may recover the profits that it would have made from those clients either through trial or judgment or for some reasonable period (*see e.g. Duane Jones Co. v Burke*, 306 NY 172, 192 [1954]; *E. W. Bruno Co. v Friedberg*, 21 AD2d 336, 339, 341 [1964]; *McRoberts Protective Agency v Lansdell Protective Agency*, 61 AD2d 652, 655-656 [1978]). However, plaintiff is not entitled to lost profits after September 2, 2008 from individuals and entities who were never its clients (*see Town & Country House & Home Serv. v Newbery*, 3 NY2d 554, 560 [1958]). The customers for Local Law 11 services were "readily ascertainable outside the employer's business as prospective users or consumers of the employer's services" (*see Leo Silfen, Inc. v Cream*, 29 NY2d 387, 392-395 [1972]). Thus, trade secret protection will not attach. Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.