■ EPSTEIN ENGINEERING P.C., Respondent, v THOMAS CATALDO et al., Appellants, et al., Defendant. [955 NYS2d 508]—

Defendants are alleged to have incorporated a business which directly competed with plaintiff, engaging in a "double life" for a period of 17 months prior to resigning from the company. A faithless servant must account not only for profits attributable to clients poached from the principal, but for all profits ascribable to the wrongful diversion of business (*see Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 89 [1st Dept 1984], *appeal dismissed* 63 NY2d 675 [1984] [noting that even if a faithless servant had first offered a diverted opportunity to the principal, he would not be free to take the business for himself or direct it to a competitor for his profit without the express consent and approval of his employer]).

It is entirely possible, given the breadth and duration of the alleged deception, that defendants diverted corporate opportunities belonging to plaintiff principal, and that any lost profits ascribable thereto accrued *after* the date of Cataldo's resignation. Thus, it would be inappropriate to use the date of Cataldo's resignation as a cut-off date.

We have considered and rejected the parties' remaining contentions. Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.

The decision and order of this Court entered herein on May 22, 2012 (95 AD3d 679 [2012]) is hereby recalled and vacated (*see* 2012 NY Slip Op 94218[U] [2012] [decided simultaneously herewith]).